# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

STEPHEN CRAIG BURNETT,                )
                                       )
            Petitioner,              )
                                       )
v.                                     )   Case No. CIV 17-462-RAW-KEW
                                       )
JOE M. ALLBAUGH, DOC Director,         )
                                       )
            Respondent.              )

## OPINION AND ORDER

On September 27, 2018, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied as barred by the statute of limitations. (Dkt. 12, 13). He also was denied a certificate of appealability. (Dkt. 12). On October 11, 2018, Petitioner filed a motion for reconsideration of the Court's decision, pointing out various alleged errors and omissions in the Court's Opinion and Order. (Dkt. 14). The Court construes Petitioner's motion as a motion pursuant to Fed. R. Civ. P. 59(e).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion, however, is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised earlier. *Id*.

Petitioner entered a guilty plea to the charge of First Degree Murder in Tulsa County District Court Case No. CF-1993-1331, and he was sentenced to life with the possibility of parole. He claims the State breached the plea agreement by changing parole policies after the plea was entered, thereby making his change of parole virtually non-existent.

He argues the Court failed to consider the following:

(1) The Court stated his next scheduled parole consideration is set for December 1, 2019, however, parole consideration does not mean he has an actual chance of being paroled.

(2) The Court stated that when Petitioner was considered for parole in another case in July 1994 and September 1995, the victim's brother and father both protested the granting of parole. Petitioner asserts there is no evidence he had any knowledge of the 1994 and 1995 protests, and he was not actually aware of the protests. He, however, fails to explain when he became aware of the fact that family members could protest, and he has not shown that this policy actually affected him after 1995. He also does not acknowledge the Court's finding that he was aware of the factual predicate of his claim by December 2013 .

Petitioner acknowledges he was aware in 1994 and 1995 that the district attorney could provide some input at parole considerations, and his prison work record and accomplishments could be considered by the Pardon and Parole Board. The district attorney's role, however, has been greatly expanded since the plea agreement, and the parole changes only allow consideration of his crime.

(3) The Court stated that in Petitioner's 2013 parole consideration, the Parole Investigator recommended that he be paroled, however, in 2016 the Parole Investigator did not recommend parole because of the heinous nature of Petitioner's crime. The Court failed to note that the same Parole Investigator made the conflicting recommendations.

(4) The Court found that although Petitioner presented his claim as a breach of the plea agreement, he actually was complaining of his repeatedly being denied parole. Petitioner argues the Court mischaracterized his claim as an excuse to deny the petition.

(5) The Court's statement that he was sentenced to life imprisonment was not the whole truth, because he was sentenced to life with the possibility of parole. He complains

the changes in parole guidelines since his plea have resulted in his having no realistic chance of parole.

(6) The Court's citation to *Henderson v. Scott*, 260 F.3d 1213, 1216-17 (10th Cir. 2001), is not dispositive of his *ex post facto* claim and is distinguishable. Petitioner does not allege how the *Henderson* case is distinguishable.

"[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id*. at 1324 (internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

This action was denied as time barred under 28 U.S.C. § 2244(d)(1)(A), and Petitioner has not shown that decision was erroneous. Furthermore, regardless of the time bar, and as set forth in the Court's prior Opinion and Order, Petitioner's claim fails on the merits. The Court, therefore, finds Petitioner's claims of error fail to meet the burden for relief under Rule 59(e). His motion to alter or amend the judgment must be denied.

**ACCORDINGLY,** Petitioner's motion to alter or amend the judgment (Dkt. 14) is DENIED.

**IT IS SO ORDERED** this 30th day of September 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma